NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 22 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EVAN P. GALVAN,

Plaintiff-Appellant,

v.

A. LUCAS, Correctional Counselor II at
Kern Valley State Prison; et al.,

Defendants-Appellees.

No.    19-15053

D.C. No. 1:18-cv-00688-LJO-SAB

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted October 15, 2019**

Before:    FARRIS, LEAVY, and RAWLINSON, Circuit Judges.

California state prisoner Evan P. Galvan appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging access-to-courts

claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a

dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii). *Watison v. Carter*, 668 F.3d 1108,

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

1112 (9th Cir. 2012). We affirm in part, vacate in part, and remand.

The district court properly dismissed Galvan's access-to-courts claim arising from the January 20, 2016 denial of photocopying and law library services because Galvan failed to exhaust administrative remedies and failed to allege facts sufficient to show that administrative remedies were effectively unavailable. *See Ross v. Blake*, 136 S. Ct. 1850, 1856, 1858-60 (2016) (an inmate must exhaust such administrative remedies as are available before bringing suit, and describing limited circumstances in which administrative remedies are unavailable); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (proper exhaustion requires "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)" (emphasis, citation, and internal quotation marks omitted)); *Albino v. Baca*, 747 F.3d 1162, 1169 (9th Cir. 2014) (en banc) (where a failure to exhaust is clear from the face of the complaint, a district court may dismiss for failure to state a claim); *Sapp v. Kimbrell*, 623 F.3d 813, 823 (9th Cir. 2010) ("[A] prisoner must show that he attempted to exhaust his administrative remedies but was thwarted by improper screening[.]").

The district court granted Galvan leave to amend the complaint to add allegations regarding the denial of photocopying and law library services in March 2016 or later and for interference with a habeas claim, and dismissed the action after Galvan declined to amend his complaint. However, the operative

2                                                                                    19-15053

complaint included allegations that in March 2016, Galvan requested photocopying related to his state habeas petition, which was denied. The operative complaint also included allegations that the denial of his May 2016 grievance violated his constitutional rights. We vacate the judgment in part, and remand for the district court to consider in the first instance the sufficiency of these allegations.

In sum, we affirm the judgment in part, on Galvan's access-to-courts claim arising from the January 20, 2016 denial of photocopying and law library services, and vacate the judgment in part, for the district court to consider the sufficiency of the allegations regarding the March 2016 denial of photocopying and the denial of his May 2016 grievance.

**AFFIRMED in part, VACATED in part, and REMANDED.**